# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>SPRINGS MEDICAL ASSOCIATES P.C.,<br><br>   Debtor. | Case No. 20-17026 KHT<br>Chapter 7 |
| JOLI A. LOFSTEDT, Chapter 7 Trustee,<br><br>   Plaintiff,<br><br>v.<br><br>ERIC PAPALINI, MIKAEL SEAN OAKLEY, LAWRENCE SCOTT WILNER, EQUITIFIRST FUNDING INC., SUMMIT PRIMARY AND PAIN LLC, SUMMIT PRIMARY CARE PLLC, SERENDIPITY RESOURCES, LLC, BRENDA BARTELS, HANES AND BARTELS LLC, and THE CAMBRIDGE GROUP LLC,<br><br>   Defendants. | Adversary No. 22-01262 KHT |

**ORDER ON MOTION FOR PROTECTIVE ORDER, MOTION TO DISMISS**

THIS MATTER comes before the Court on (1) the *Corrected Motion for Protective Order by Defendant Dr. Lawrence Scott Wilner* (the "Motion for Protective Order," docket #167), filed by Defendant Lawrence Scott Wilner ("Dr. Wilner"), and the Response thereto (docket #175), filed by Plaintiff Joli A. Lofstedt, Chapter 7 Trustee ("Plaintiff"); and (2) the *Motion to Dismiss Trustee's Claims Against Wilner Defendants Pursuant to Rule 12(b)(1), Fed.R.Civ. P. For Lack of Standing* (the "Motion to Dismiss," docket #168), filed by Dr. Wilner and Summit Primary Care PLLC (together, the "Wilner Defendants"), and the Response thereto (docket #177), filed by the Plaintiff. The Court, having reviewed the pleadings and the file and being advised in the premises, hereby finds and concludes as follows:

Plaintiff is the authorized representative of Debtor Springs Medical Associations ("SMA"). She filed the above-captioned adversary proceeding on October 26, 2022, asserting claims against Defendants, including the Wilner Defendants, alleging they took actions to strip SMA of assets and either committed breaches of fiduciary duty or, in Dr. Wilner's case, aided and abetted others' breaches of fiduciary duty.

On January 13, 2023, the Wilner Defendants filed a motion to dismiss (the "First Motion to Dismiss," docket #43), arguing the Court lacked subject matter jurisdiction to hear the adversary proceeding because the underlying bankruptcy case was not properly filed. The Court denied the First Motion to Dismiss on July 12, 2023 (docket #73).

On February 22, 2023, Plaintiff filed a motion for a blanket protective order to protect confidential information, including information protected by HIPAA (docket #59). The Court entered the order July 12, 2023 (docket #75).

The Court then set discovery and other applicable deadlines (docket #99, as subsequently modified as to deadlines), and the parties began conducting and responding to discovery under applicable rules of procedure. The Court has held multiple hearings to address discovery disputes among the parties.

The Motion for Protective Order presents yet another discovery dispute. Plaintiff has requested discovery related to her claims against the Wilner Defendants, more specifically requesting documents regarding the transfer of patients and their medical records from SMA to Defendants' entities. In the Motion for Protective Order, Dr. Wilner argues that the patients, their medical records, or any funds for their treatment cannot be property of anyone other than a doctor, because only doctors can practice medicine. Dr. Wilner's theory is not supported by applicable facts or law. Colorado law allows persons licensed to practice medicine to form professional service corporations. SMA was a professional corporation. SMA was entitled to own assets, including its bank account and the funds therein, and was entitled to maintain medical records. Plaintiff's requests for admission and requests for the production of documents are valid, relevant requests that must be answered. Dr. Wilner has not shown responding to the requests would violate HIPAA or other applicable law or restrictions against revealing confidential information, nor has he shown it would be unduly burdensome. The Motion for Protective Order will be denied.[1] The Wilner Defendants must respond fully to the Plaintiff's discovery within 28 days of the date of this Order.

---

[1] Plaintiff has requested an award of expenses under Fed. R. Civ. P. 37(a)(5). The Court will consider that issue upon a separate request made at any point before or after final judgment is entered in this matter.

The Motion to Dismiss asserts the same theory that SMA cannot own assets or maintain medical records. The Court finds the Motion to Dismiss is untimely. The Wilner Defendants had the opportunity to raise the issue in the First Motion to Dismiss and failed to do so. In the alternative, to the extent the Court is required to revisit the issue of standing, the Court finds constitutional and prudential standing concerns are satisfied, for the reasons set forth in Plaintiff's Response. Plaintiff is the appropriate party to investigate, recover, and administer assets of SMA's estate, including the claims against Defendants. The Motion to Dismiss will therefore be denied.

Accordingly,

IT IS HEREBY ORDERED that the Motion for Protective Order and the Motion to Dismiss are DENIED.

Dated September 30, 2025

BY THE COURT:

_Kimberley H. Tyson_
Kimberley H. Tyson
United States Bankruptcy Judge